THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTINA BALAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA MOTORS INC.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-00067-MJP<br><br>**DEFENDANT TESLA'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR: 5/10/19 |

Defendant Tesla, Inc. submits the following Reply in Support of its Motion to Compel Arbitration.

**I. INTRODUCTION**

Plaintiff's Opposition focuses almost exclusively on references to "evidence" that Plaintiff believes will support her allegations of having been wronged by Tesla. Beyond being irrelevant to the instant motion, the contents of Plaintiff's Opposition are largely irrelevant even as to the sole claim she is pursuing in this lawsuit. While reciting the litany of reasons that Plaintiff believes Tesla to be a bad actor, Plaintiff cannot refute the two facts that are most essential to the instant motion: <u>Plaintiff undisputedly entered into an agreement with Tesla to arbitrate all claims arising from her employment, and her claim in this lawsuit arises from and relates to her employment</u>. Her Opposition is unavailing.

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

## II. ARGUMENT

### A. Plaintiff's Claim Arises Directly from Her Former Employment With Tesla.

Plaintiff argues throughout her Opposition that her claim does not arise from or relate to her employment with Tesla. But no matter how many times Plaintiff makes this statement, or how many different ways she says it, her argument is wholly without merit.

Plaintiff expressly acknowledges that the Arbitration Agreement—which she also acknowledges she agreed to, twice—states: "you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, <u>arising from or relating to your employment</u>, or the termination of your employment" will be resolved in arbitration. (Plaintiff's Opposition ("Opp.") at p. 6 (emphasis added).) But somewhat confusingly, according to Plaintiff, her defamation claim does not arise from or relate to her employment, and "has no immediate or direct nexus to her employment." (*Id*. at p. 10.) The basis for her argument is that the statement she alleges constitutes defamation was made after the end of her employment, and she therefore concludes it cannot be within the scope of the Arbitration Agreement. (*Id.* at p. 6.) Specifically, she alleges that only "claims that arise from or relate to Plaintiff's employment concerning conduct <u>that occurred during Plaintiff's employment</u> are within [the] scope" of the Arbitration Agreement. (*Id.* at p. 1 (emphasis added).) Plaintiff states that to read the Arbitration Agreement as encompassing a defamation claim based on a statement made after her employment requires "extending" the meaning of the Agreement, and reading into the Agreement a provision it does not include. (*Id.* at p. 7.) She is wrong.

Plaintiff provides no authority supporting the idea that her defamation claim does not arise out of or relate to her employment simply by virtue of it being based on a statement made after her employment ended. Indeed, the opposite is true. The law on this point is clear: defamation claims based on statements made after the conclusion of an employment relationship remain subject to an arbitration agreement when the statements are related to the employment relationship. *See Zolezzi v. Dean Witter Reynolds, Inc.*, 789 F.2d 1447, 1450–51 (9th Cir. 1986) (holding a defamation claim based on statements made by employer after employee's termination

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 2

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

related "to his handling of customer accounts while employed" and therefore "arose out of his employment" and was subject to arbitration); *see also Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1167 (8th Cir. 1984) (ordering to arbitration claims filed almost two years after termination of employment alleging that employer communicated complaints of former customers to enforcement agencies and deliberately misinformed customers that former employee's brokerage license had been suspended); *Aspero v. Shearson American Express*, 768 F.2d 106, 109 (6th Cir. 1985) (post-employment claim for defamation, invasion of privacy, and intentional infliction of emotional distress filed a year after termination ordered to arbitration where employer allegedly told several potential employers that plaintiff was terminated for unauthorized trading violations); *Brown v. Coleman Co.*, 220 F3d 1180, 1184 (10th Cir. 2000) (finding defamation claim based on post-termination statement subject to arbitration agreement where agreement provided "all disputes or controversies arising under or in connection with this Agreement . . . will be settled exclusively by arbitration").

Plaintiff's Opposition describes her lawsuit as follows: "Plaintiff's defamation cause of action arises because Tesla . . . stated on September 11, 2017 that she did certain things when she did not actually do those things." (Opp. at pp. 3–4.) Every one of the "things" referred to by Plaintiff took place <u>during Plaintiff's employment with Tesla</u>. (*See* Plaintiff's Complaint, Exhibit A, pp. 3–4.) Indeed, the substantive portion of the statement upon which Plaintiff bases her defamation claim begins: "<u>While at the company</u>, Ms. Balan made a number of inaccurate claims . . . ." The statement goes on to specify: "Rather than working on her assignments, Ms. Balan <u>spent company time</u> working on . . ." (*Id.* (emphasis added).) The statement could not be any more clear that it pertained specifically to Plaintiff's time working for Tesla.

The fact that the statement on which Plaintiff's defamation claim is based was made after the conclusion of the employment relationship does not change the fact that the statement was made <u>entirely about the employment relationship</u>, and <u>pertained solely to actions that took place during the employment relationship</u>.[1] Plaintiff's reading of the Agreement includes a provision

---

[1] Relatedly, Plaintiff's hyperbolic assertion that the Arbitration Agreement is "unconscionably

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 3

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

that it simply does not contain—the Arbitration Agreement between Plaintiff and Tesla in no way limits the scope of the Agreement solely to actions taking place during employment. There is no basis for concluding that Plaintiff's defamation claim does not arise out of her employment with Tesla. The statement both arose out of and is related to Plaintiff's employment, and her defamation claim regarding the statement is accordingly subject to arbitration.

### B. The Arbitration Agreement is Not Unconscionable.

Plaintiff asserts that the Arbitration Agreement is unconscionable if read to include her defamation claim in its scope. This argument fails.

As noted above, the law is clear that a defamation claim that arises out of or relates to the employment relationship is plainly within the scope of an arbitration agreement—like the Agreement here—even in the event the allegedly defamatory statements are made after the end of employment. Plaintiff provides no authority to the contrary, as none exists. Notably, the Arbitration Agreement does not, as Plaintiff argues, include any and all defamation claims indefinitely into the future. Rather, the scope of the Agreement includes only such claims, including for defamation, that arise out of or relate to Plaintiff's employment, as is definitively the case here.

For the above reasons, and all the reasons discussed in Tesla's Motion, the Agreement here is not procedurally unconscionable or substantively unconscionable.

### C. Plaintiff's Request for Injunctive Relief Does Not Change The Necessary Result of Tesla's Motion.

Plaintiff asserts that because she included a request for injunctive relief in her Complaint, her claim should not be compelled to arbitration. She is wrong.

---

and monstrously unlimited in scope" does not hold water. The scope of the Arbitration Agreement is not "unlimited." Plaintiff fails to acknowledge that there are numerous examples of disputes she could have with Tesla that would not be subject to the Arbitration Agreement she signed. For example, she could pursue claims against Tesla in court that relate to her purchase of a Tesla product, or if she were to be involved in an accident she attributed to a Tesla product. Such claims would be entirely different from the claim she asserts in this lawsuit, as they would not be related to her employment with Tesla.

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

Under Washington law, a complainant is only entitled to injunctive relief in relevant part "[w]hen it appears by the complaint that [she] is entitled to [relief consisting of] restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff." RCW 740.020.  It does not appear from Plaintiff's Complaint that she is entitled to any such relief.  Plaintiff's defamation claim is based entirely on a single press statement made at one time (in September 2017) to a single news organization (Huffington Post), that based on Plaintiff's own allegations has only been published by that organization.  As discussed in Tesla's Motion, and above, the statement relates exclusively to events that took place during Plaintiff's employment with Tesla.  Plaintiff attached the article, including Tesla's statement, to her Complaint. (Complaint, Exhibit A.)  Plaintiff acknowledges and specifically states in her Complaint that the statement no longer appears on Huffington Post, and does not allege that it appears anywhere else publicly. (Complaint, ¶ 10.)  Importantly, despite Plaintiff's claims about the damage Tesla's statement allegedly caused her, she voluntarily republished the statement on her personal blog, and it remains there today.

Plaintiff cannot avoid having this case compelled to arbitration based solely on the fact that she included a request for injunctive relief in her Complaint—particularly when the injunctive relief she seeks involves the retraction of a statement that is currently publicly available only by virtue Plaintiff's own publication.

### D.  Plaintiff's Remaining Points are Entirely Irrelevant to This Motion.

Plaintiff devotes a substantial portion of her Opposition to expressing her negative views of Tesla.  The discussion of her personal opinions on these issues is inapposite to the issue before the Court here.

Initially, Plaintiff complains about the outcome of her prior arbitration against Tesla.  Her opinions about the fairness of the outcome, the fairness of the arbitrator, her involvement in the arbitration process, and her displeasure that she did not get everything she wanted out of the arbitration, are not related in any way to whether arbitration must be compelled in this case. Importantly, as noted in Tesla's Motion, Plaintiff filed a Petition to Modify and Partially Vacate

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 5

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

the Arbitration Award in the U.S. District Court for the Northern District of California. Her petition, which was based on the same arguments she raises in her Opposition here, was denied. In its decision, the Court specifically noted that each of Plaintiff's arguments were unavailing, that Plaintiff's petition was a "vast oversimplification of the arbitrator's decision," and that there was "no evidence of arbitrator misconduct." *Balan v. Tesla Motors, Inc.*, Case No. 19-cv-00449-EMC, 2019 WL 1411223, *3 (N.D. Cal. March 28, 2019).

Plaintiff's discussion of other former employees who have had a dispute with Tesla is similarly inapposite. Disputes involving other individuals, based on entirely separate facts and involving entirely different claims and allegations, have no bearing on this matter. Further, Plaintiff's "evidence" in support of this assertion is anecdotal and entirely without support.

Plaintiff also alleges that Tesla has sought to "stop and destroy" Plaintiff's efforts to be a "public speaker for empowering women['s] careers," and presents "evidence" of these allegations in the form of emails between her and others at Tesla. (Opp. at p. 14.) Simply, Tesla has at no point made any effort to "stop" or "destroy" Plaintiff in any way, including any efforts she may have made to become a public speaker. The documents Plaintiff attached to her Opposition on this point, in addition to being entirely irrelevant for the instant motion, demonstrate precisely the opposite: Tesla applied the same standard to Plaintiff in regards to interacting with the press regarding Tesla-related activities as it does to all other employees.

///
///
///
///
///
///
///
///
///

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 6

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

# III. CONCLUSION

For the reasons above, Defendant respectfully requests that this Court grant its Motion to Compel Arbitration.

DATED: May 10, 2019

LANE POWELL PC

By    /s/ Darin M. Sands
Darin M. Sands, WSBA No. 35865
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200
Email: sandsd@lanepowell.com

Matthew C. Lewis, *Admitted Pro Hac Vice*
Rodney B. Sorensen, *Admitted Pro Hac Vice*
PAYNE & FEARS LLP
235 Pine Street, Suite 1175
San Francisco, California 94104
Telephone: 415.738.6850
Facsimile: 415.738.6855
Email: mcl@paynefears.com
        rbs@paynefears.com

Attorneys for Defendant Tesla, Inc., formerly Tesla Motors, Inc.

MOTION TO COMPEL ARBITRATION
(Case No. 2:19-cv-00067-MJP) - 7

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Cristina Balan
4698 Arbors Circle
Mukilteo, WA  98275
E-Mail: cbalan.j2019@gmail.com

*Pro Se Plaintiff*

Executed on the 10th day of May, 2019, at Portland, Oregon.

/s/ Darin M. Sands
Signature of Attorney
WSBA No. 35865
Typed Name:  Darin M. Sands
Address:  601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158
Telephone:  503.778.2100
Fax:  503.778.2200
E-mail:  sandsd@lanepowell.com
Attorney(s) For:  Defendant Tesla, Inc., formerly Tesla Motors, Inc.

4821-9387-2278.4

CERTIFICATE OF SERVICE
(Case No. 2:19-cv-00067-MJP)

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7667392.1