THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTINA BALAN,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA MOTORS INC.,<br><br>    Defendant. | Case No. 2:19-cv-00067-MJP<br><br>**DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF**<br><br>NOTE ON MOTION CALENDAR:<br>January 24, 2020 |

## I. INTRODUCTION

Defendant Tesla, Inc., formerly Tesla Motors, Inc. ("Tesla"), respectfully submits this Opposition to "Plaintiff's Rule 60(B)(2)(3)(6) Motion for Relief from the Order Granting Partial Arbitration & Request For Indicative Ruling Under Rule 62.1, Based on Plaintiff's First 180 Days Case Status Update of Arbitration Per the Court's Request."

This Court should deny Ms. Balan's motion because the Court previously compelled this matter to arbitration, arbitration has been initiated, and the parties are proceeding in arbitration under the jurisdiction of the arbitrator, pursuant directly to the Court's order. Ms. Balan's frustration with the pace and structure of the legal process in no way constitutes grounds for avoiding her obligation to arbitrate her claims. Her motion is a renewed and improper effort to do just that. It lacks merit, and should be denied.

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 1

718936.0001/7944579.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100   FAX: 503.778.2200

## II. FACTUAL BACKGROUND

### A. The Court Orders This Case to Arbitration, and Arbitration Is Initiated.

On June 27, 2019, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Compel Arbitration (Docket 40). On July 12, 2019, (more than two weeks after the Court ordered the case to arbitration) Ms. Balan submitted a Demand for Arbitration to JAMS. (Declaration of Matthew C. Lewis ("Lewis Decl."), ¶ 2.) On July 19, 2019, JAMS sent a letter to all parties notifying them that a demand for arbitration had been received. (*Id.*, Ex. 1.)

### B. JAMS Commences the Arbitration After the Initial Filing Fee Is Paid.

On July 22, 2019, JAMS sent a letter to counsel for Tesla, notifying Tesla that it was required to pay a non-refundable filing fee of $1,500. (*Id.*, ¶ 3, Ex. 2.) JAMS' July 22, 2019 notice did not include an invoice. (*Id.*) After receiving the July 22 notice, counsel for Tesla contacted JAMS to request that they issue an invoice for payment of the $1,500 filing fee, as Tesla required an invoice to process the payment. (*Id.*, ¶ 4.) On July 26, 2019, counsel for Tesla responded to an email from Ms. Balan in which she inquired as to when Tesla would pay the initial fee, as follows: "We have requested an invoice from JAMS for the fees requested, which is something they typically provide in conjunction with the letter we received. Tesla will pay the necessary fees, at which point we expect JAMS will circulate additional correspondence regarding next steps in the matter, including the process for selecting an arbitrator." (*Id.*, ¶ 5, Ex. 3.) On July 29, 2019, JAMS provided the requested invoice to counsel for Tesla, and counsel subsequently provided that invoice to Tesla to be paid directly. (*Id.*, ¶ 6, Ex. 4.)

On July 30, 2019, Ms. Balan contacted counsel for Tesla, inquiring "What are yours and your client [sic] intentions regarding the arbitration fee, the commencement of this arbitration and the next steps you mentioned on Friday, taking into account your decision over the weekend to appeal the judge [sic] order?" (*Id.*, ¶ 7, Ex. 5.) Counsel for Tesla responded that same day and confirmed that Tesla will move forward in the arbitration "with whatever next steps JAMS lays out." (*Id.*) That same day, JAMS sent an email to the parties stating that "JAMS requires a filing fee before we are allowed to commence," and that "[o]nce this fee is received, [JAMS] will

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

provide the parties with that a [sic] list of arbitrator candidates for consideration." (*Id.*, ¶ 8, Ex. 6.)

On July 31, 2019, Ms. Balan emailed counsel for Tesla indicating she was "looking forward for Tesla to pay their fees." (*Id.*, ¶ 9, Ex. 7.) Ms. Balan wrote again on August 2, 2019, asking JAMS: "Did Tesla paid the fees for the arbitration so the arbitration will start or not yet?" (*Id.*, ¶ 10, Ex. 8.) JAMS responded that same day, indicating that JAMS had not yet received payment. (*Id.*)

Counsel for Tesla received no correspondence from either Ms. Balan or JAMS between August 2, 2019 and August 9, 2019, at which time JAMS circulated a Notice of Commencement to the parties. (*Id.*, ¶ 11, Ex. 9.)[1]

**C.   An Arbitrator is Appointed, Tesla Immediately Pays the Required Retainer, and the Arbitration Proceeds.**

Following receipt of the Notice of Commencement, which included a list of potential arbitrators, the parties worked collaboratively in an effort to agree to an arbitrator without the need to go through the striking process. (*Id.*, ¶ 13.) Counsel for Tesla exchanged numerous emails with Ms. Balan during this process, and the parties agreed to extend the deadline for returning the strike list to JAMS in the hope that they would be able to agree on an arbitrator. (*Id.*, Ex. 10.) Ms. Balan proposed four potential arbitrators to Tesla, and the parties agreed to use one of those three: Retired Judge Rebecca Westerfield. (*Id.*, ¶ 14, Ex. 11.) Unfortunately, when the parties notified JAMS on August 23, 2019 of the agreement to use Judge Westerfield, JAMS responded that Judge Westerfield does not accept new arbitrations where one side is not

---

[1] Counsel for Tesla was unaware, until reviewing Ms. Balan's motion, that Ms. Balan had herself paid the initial filing fee on August 7, 2019. (*Id.*, ¶¶ 11, 23.) Counsel for Tesla received no correspondence from Ms. Balan or JAMS notifying counsel that Ms. Balan intended to pay, or had paid, the initial filing fee. (*Id.*, ¶ 11.) JAMS sent an email to counsel on August 15, 2019, inquiring as to the status of the filing fee, but did not inform counsel in that message that Ms. Balan had paid the fee. (*Id.*, ¶ 12.) JAMS also referenced a filing fee in an email dated September 9, 2019, but attached only a copy of the invoice for the required $5,000 retainer and again did not mention that the filing fee had been paid by Ms. Balan. (*Id.*) Given that the arbitration had been commenced, and counsel had received no notification that Ms. Balan had paid the filing fee, counsel for Tesla understood (until January 7, 2020) that the fee had been paid by Tesla. (*Id.*)

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 3

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

represented by counsel. (*Id.*, ¶ 15.)[2] Because Judge Westerfield declined the appointment, the parties ultimately submitted respective strike lists to JAMS on or about August 30, 2019, and Retired Justice Richard McAdams was appointed through that process on September 3, 2019. (*Id.*, ¶ 16, Ex. 12.)[3]

On September 9, 2019, JAMS sent (for the first time) an invoice to counsel for Tesla requesting payment of a $5,000 retainer prior to the scheduling of an initial call with the Arbitrator. (*Id.*, ¶ 17, Ex. 13.) Tesla paid that fee immediately—just three days later, on September 12, 2019—and counsel for Tesla confirmed to JAMS and Ms. Balan that same day that the fee had been paid. (*Id.*, ¶ 18, Ex. 14.) The parties and JAMS corresponded over the following week in order to determine availability for an initial conference call with the Arbitrator, which was ultimately set for October 14, 2019. (*Id.*, ¶ 20.)

**D.    Tesla Files a Notice of Appeal.**

On July 29, 2019, Tesla timely filed a Notice of Civil Appeal with this Court, thereby providing notice of its intention to appeal the Court's denial of Tesla's Motion to Compel Arbitration as to certain particular statements at issue in the case. (Docket 42.)[4]

**E.    Tesla Seeks a Stay of the Arbitration Pending the Appeal.**

On September 13, 2019, following the appointment of the Arbitrator, and after Tesla had paid the $5,000 retainer fee, counsel for Tesla notified JAMS and Ms. Balan of Tesla's request that the arbitration be stayed pending Tesla's appeal. (*Id.*, ¶ 19, Ex. 15.) The parties discussed this request in the initial telephone conference with the Arbitrator on October 14, 2019, and the Arbitrator determined during that conference that he would defer making a decision regarding Tesla's request until he had an opportunity to review Tesla's Opening Brief and Ms. Balan's Answering Brief. (*Id.*, ¶ 20.) The Arbitrator accordingly set a further telephone conference for

---

[2] Counsel for Tesla was unaware that Judge Westerfield would not accept appointment as an arbitrator where one side is not represented by counsel. (*Id.*, ¶ 15.)
[3] The email from JAMS attaching the Notice of Commencement indicated that "Retainer Requests will be sent shortly via E-mail to the parties responsible for payment." (*Id.*, ¶ 11, Ex. 9.)
[4] Tesla subsequently timely filed its Opening Brief with the Ninth Circuit Court of Appeals on November 6, 2019. (*Id.*, ¶ 21.)

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 4

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

December 11, 2019, at which time it was anticipated that both parties' briefs would have been filed with the Ninth Circuit Court of Appeals (Ms. Balan's Answering Brief was at the time due to be filed on December 6, 2019). (*Id.*, ¶ 20.)

### F. Ms. Balan Twice Seeks Extension of Time to File Answering Brief.

On November 18, 2019, Ms. Balan requested, and the Ninth Circuit approved, a streamlined extension of time to file her Answering Brief from December 6, 2019 to January 6, 2020. (*Id.*, ¶ 22.) On January 2, 2020, Ms. Balan filed with the Ninth Circuit a "Motion to Stay Appellant's Pending Appeal Due to Extraordrinary [sic] Circumstances Or In The Alternative Appellee's Second Motion for Extension of Time to Submit Her Answering Brief." (*Id.*, ¶ 23.) Ms. Balan did not file an Answering Brief prior to the January 6, 2020 deadline. (*Id.*) On January 6, 2020, Ms. Balan notified JAMS that she had sought an additional extension of time to file her Answering Brief with the Ninth Circuit, and though the Ninth Circuit had not yet granted her request for extension, requested that the next status conference in the arbitration be continued until early February. (*Id.*)[5] Pursuant to Ms. Balan's request, JAMS subsequently re-set the status conference, again, for February 11, 2020. (*Id.*, Ex. 16.)

### G. Tesla Pays the Initial Filing Fee Immediately Upon Learning It Had Originally Been Paid by Ms. Balan.

Upon reviewing Ms. Balan's motion on January 7, 2020, counsel for Tesla learned for the first time that Ms. Balan had paid the initial JAMS filing fee of $1,500. (*Id.*, ¶ 24.) Counsel immediately followed up with Tesla and facilitated payment of the fee, which was sent to JAMS on January 16, 2020. (*Id.*, ¶ 24, Ex. 17.)

### III. ARGUMENT

### A. Tesla Has Fully Complied With The Court's Order Compelling Arbitration, and With The Arbitration Agreement Itself.

As discussed in detail, above, Tesla has complied with the Court's order compelling arbitration. And contrary to Ms. Balan's claims, Tesla has in no way breached the arbitration

---

[5] The Ninth Circuit, in an order dated January 13, 2020, subsequently granted Ms. Balan's request for an additional 30 days to file her Answering Brief. Her brief is currently due on February 6, 2020. (*Id.*, ¶ 23.)

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 5

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

agreement. The arbitration was initiated by Ms. Balan. JAMS commenced the arbitration after Ms. Balan (unbeknownst to Tesla) paid the $1,500 initial filing fee approximately 8 days after JAMS issued an invoice to Tesla for payment of that fee. The parties worked together in direct cooperation to agree on an arbitrator. When the arbitrator agreed upon by the parties declined the appointment,[6] Tesla timely submitted its strike list to JAMS, and JAMS promptly appointed an arbitrator from that list. Tesla immediately submitted a payment of $5,000 to JAMS to cover the required retainer amount—just three days after JAMS issued an invoice for the payment.

Tesla worked cooperatively with the Arbitrator and Ms. Balan to promptly set up an initial conference call. Tesla has been transparent and forthright with Ms. Balan, JAMS, and the Arbitrator regarding Tesla's appeal pending in the Ninth Circuit, and Tesla's position that the arbitration should be stayed pending the appeal in order to avoid the substantial inefficiencies inherent in proceeding with the arbitration before knowing the proper scope of the arbitration. Tesla timely filed its Opening Brief with the Ninth Circuit Court of Appeal in November 2019, and planned to participate in a further status conference with the arbitrator immediately following Ms. Balan's filing of her Answering Brief in December 2019. When Ms. Balan obtained a streamlined extension of time from the Ninth Circuit to file her Answering Brief, Tesla worked with Ms. Balan and the Arbitrator to reschedule the further status conference for a date immediately following Ms. Balan's new filing deadline. Tesla then worked with Ms. Balan and the Arbitrator in early January 2020 to set yet another further conference date, after Ms. Balan sought another extension of time from the Ninth Circuit.

Finally, Tesla facilitated payment of the $1,500 initial filing fee immediately upon learning, through Ms. Balan's motion, that Ms. Balan—not Tesla—had previously paid the fee. Ms. Balan's assertion that Tesla has refused to pay the initial filing fee simply does not hold water—particularly in light of Tesla's prompt payment in September 2019 of the substantially larger $5,000 retainer that was required in order to move forward in the arbitration.

---

[6] Ms. Balan's claim that in agreeing to Judge Westerfield, "Tesla picked the [arbitrator] that they knew [would] not accept a pro se," is entirely unsupported by fact, as it is not true. Motion, p. 8.

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 6

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

Simply, at every stage of the proceeding, Tesla has worked cooperatively with Ms. Balan, JAMS, and the Arbitrator to ensure the arbitration process continues to move forward under the jurisdiction of the Arbitrator. Ms. Balan's argument to the contrary lacks merit.

**B.      No Legal Authority Supports Ms. Balan's Motion.**

**1.      SB 707 Does Not Apply Retroactively.**

Ms. Balan's motion flows largely from her false assertion that Tesla has refused to pay the initial $1,500 filing fee to JAMS. As discussed in detail, above, this assertion is simply not correct. Rather, neither Ms. Balan or JAMS ever notified Tesla or Tesla's counsel that Ms. Balan intended to pay, or did pay, this fee. Tesla's counsel passed the invoice for the fee along to Tesla for payment, and approximately a week later—after very clearly notifying the parties that the arbitration would not be commenced until the initial fee was paid—JAMS issued a Notice of Commencement. At no time, either prior to the payment being made or after it was made by Ms. Balan, was Tesla aware that Ms. Balan, and not Tesla itself, had paid the fee.

In any event, Ms. Balan argues that Tesla's failure to pay the initial fee constitutes a material breach of the arbitration agreement. In concluding that this breach (which again, did not happen) constitutes grounds for ending the arbitration altogether, Ms. Balan relies entirely on a law that only recently went into effect in California, SB 707. But the entirety of the events Ms. Balan incorrectly points to as demonstrating a breach of the arbitration agreement took place in 2019, prior to SB 707 coming into effect. SB 707 was not in effect until January 2, 2020, and is not retroactive, and therefore does not apply here.

As a general rule, statutes operate only prospectively. *McClung v. Employment Dev. Dep't*, 34 Cal. 4th 467, 475 (2004). The United States Supreme Court has held: "the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform accordingly . . . . For that reason, the 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal." *Landgraf v. USI*

DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF - 7

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

*Film Products*, 511 U.S. 244, 265 (1994). While it is possible for a statute to be applied retroactively, the decision to do so is "a policy determination for the Legislature and one to which courts defer absent 'some constitutional objection' to retroactivity." *McClung*, 34 Cal. 4th at 475, *quoting Myers v. Philip Morris Cos., Inc.*, 28 Cal. 4th 828, 840 (2002). And, "it has long been established that a statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature." *McClung*, 34 Cal. 4th at 475, *quoting United States v. Heth*, 7 U.S. 399, 413 (1806); *see also Myers*, 28 Cal. 4th at 844 ("[A] statute may be applied retroactively only if it contains express language of retroactivity *or* if other sources provide a clear and unavoidable implication that the Legislature intended retroactive application.")(emphasis in original).

SB 707 does not apply retroactively. The Legislature did not intend for it to apply retroactively, and accordingly included no language indicating such an intent. Indeed, a retroactive application of the law in this case would directly conflict with all of the reasons that statutes are generally applied only prospectively. The record here is clear that Tesla did not refuse to pay or otherwise intentionally avoid paying the initial $1,500 fee in this matter, and therefore Tesla's actions, even if SB 707 were to apply, would not constitute a material breach of the arbitration agreement. But either way, SB 707 does not apply retroactively, and does not govern this case.

**2.      The Decisions Cited By Ms. Balan Are Inapposite.**

The caselaw upon which Ms. Balan relies in her motion is similarly unhelpful to her argument that her case should return to federal court. The decisions she cites are the three decisions that are referenced in SB 707: *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113 (2000); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003); and *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005). None of these cases support her assertion that Tesla has breached its arbitration agreement with her, nor that she is entitled to the relief she seeks.

DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF - 8

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

*Armendariz* is the seminal case in California regarding enforceability of arbitration agreements. But the case focuses entirely on that issue: whether the agreement is enforceable, or not. The decision in *Armendariz* does not address a failure to pay an arbitration fee and it is accordingly not relevant here.

The other two decisions Ms. Balan cites, *Sink* and *Brown*, are easily distinguishable as they flow from entirely different facts. In *Sink*, the court specifically notes that the party responsible for paying the fee received multiple notices that payment was due, that the party never paid, and that indeed, the fee <u>was never paid</u> and the arbitration never went forward—the arbitrator in fact entered a default in favor of the other party. *Sink*, 352 F.3d at 1199–200. In *Brown*, the party obligated to pay the fee expressly refused to pay, and the district court accordingly found that the employer breached the arbitration agreement, and on that ground denied the employer's motion to compel arbitration. *Brown*, 430 F.3d at 1009–10. These cases simply do not reflect the facts here: specifically, Tesla was never aware that Ms. Balan, and not Tesla itself, had paid the initial $1,500 filing fee to JAMS in August 2019. Tesla never refused to pay any fee that it was aware was owed—a fact made evident by Tesla's prompt payment of the much larger $5,000 retainer fee in September 2019. Ms. Balan's assertion that Tesla sought to delay the proceedings and breached its agreement to arbitrate by refusing to pay fees is simply incorrect; had that been Tesla's intention, surely Tesla would have refused to pay the subsequent retainer fee. It did no such thing, but instead paid the retainer fee immediately.

Ms. Balan cites no authority supporting the argument that Tesla's actions here constitute misconduct of any kind, let alone a material breach of the arbitration agreement, as none exists.

**C.    Ms. Balan's Motion Is Replete With Representations That Are Both Inaccurate And Irrelevant.**

Ms. Balan's accusations of wrongdoing by Tesla (and JAMS) are too numerous to respond to comprehensively; nor are they relevant to the issue at hand. That said, Tesla addresses some of the larger inaccuracies herein, below.

DEFENDANT TESLA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF - 9

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

Ms. Balan insists that the proper procedure Tesla should have followed to request a stay of the arbitration pending an appeal would have been to make such a request of this Court. Motion, p. 6.  Not so.  The Arbitrator, not the Court, has jurisdiction over the arbitration. Ms. Balan provides no authority to the contrary, as none exists.

Ms. Balan alleges that Tesla has made misrepresentations to the Ninth Circuit.  Motion, p. 7.  Tesla takes these allegations seriously, and deems it important to clearly assert that Ms. Balan is wrong.  Tesla's submissions to the Ninth Circuit have been, and will continue to be, based entirely on fact and the record in this case.  Ms. Balan's false accusations against Tesla and Tesla's counsel in this regard are entirely baseless.

Ms. Balan makes varying allegations regarding JAMS and the procedures with which the parties have been involved as the arbitration process has gotten underway.  Motion, pp. 8–12. Ms. Balan asserts, without support, that only "a very limited number of arbitrators under JAMS . . . work with pro se parties."  Ms. Balan has apparently reached this conclusion due to the fact that the first arbitrator the parties agreed upon, Retired Judge Rebecca Westerfield, declined the appointment due to one of the parties being unrepresented.  In any event, the fact that one arbitrator declined the appointment here has no bearing on the fairness of the overall proceedings. Indeed, less than two weeks after JAMS notified the parties that Judge Westerfield would not accept the appointment, JAMS used the parties' strike lists to appoint Retired Justice Richard McAdams.  Justice McAdams is unquestionably a highly experienced and respected jurist who is overwhelmingly qualified to act as arbitrator in this case.

Ms. Balan claims that she has been further defamed since the initiation of her lawsuit, and includes a summary of facts she believes support this assertion.  Motion, pp. 12–14.  She is wrong.  But additionally, to the extent she believes she has been further defamed, her remedy for that is to amend her existing complaint to include her new allegations—these allegations have no bearing on the enforceability of the arbitration agreement.

Ms. Balan asserts that Tesla's alleged refusal to pay the initial filing fee has "unduly delayed the outcome of this case."  Motion, p. 7.  She is wrong.  As the record plainly

DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF - 10

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

demonstrates, Ms. Balan herself paid the initial filing fee—without the knowledge of Tesla—and approximately just one week after JAMS generated an invoice requesting that the payment be made. JAMS immediately commenced the arbitration and moved forward. When JAMS later issued an invoice to Tesla for payment of the Arbitrator's required retainer, Tesla immediately (within three days) paid the $5,000 retainer. Tesla was unaware until Ms. Balan filed her motion that Ms. Balan had paid the initial filing fee, but paid the fee immediately after learning that she had done so. Tesla accordingly does not dispute that a period of months have passed during which Ms. Balan was not reimbursed for her payment of the filing fee—but this could have been easily remedied at any point had Ms. Balan simply conveyed to Tesla the fact that she had paid the fee, and that she was waiting for Tesla to also pay the fee so that she could be reimbursed. She never did so. In any event, given Ms. Balan's payment of the initial fee, and Tesla's prompt payment of the retainer, there has been no delay of any kind in this case flowing from Tesla's payment of fees or the timing thereof.

## IV. CONCLUSION

For all the foregoing reasons, Tesla respectfully requests that this Court deny Plaintiff's motion.

DATED: January 17, 2020

LANE POWELL PC

By  /s/ Darin M. Sands
Darin M. Sands, WSBA No. 35865
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200
Email:  sandsd@lanepowell.com

Leila S. Narvid, *Admitted Pro Hac Vice*
Matthew C. Lewis, *Admitted Pro Hac Vice*
PAYNE & FEARS LLP
235 Pine Street, Suite 1175
San Francisco, California 94104
Telephone: 415.738.6850
Facsimile: 415.738.6855

DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF - 11

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

Email:  mcl@paynefears.com
ln@paynefears.com

Attorneys for Defendant Tesla, Inc., formerly Tesla Motors, Inc.

DEFENDANT TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF - 12

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Cristina Balan
4698 Arbors Circle
Mukilteo, WA  98275
E-Mail: cbalan.j2019@gmail.com

*Pro Se Plaintiff*

Executed on the 17th day of January, 2020, at Portland, Oregon.

  /s/ Darin M. Sands
Signature of Attorney
WSBA No. 35865
Typed Name:  Darin M. Sands
Address:  601 SW Second Avenue, Ste. 2100
Portland, OR  97204-3158
Telephone:  503.778.2100
Fax:  503.778.2200
E-mail:  sandsd@lanepowell.com
Attorney(s) For:  Defendant Tesla, Inc.,
formerly Tesla Motors, Inc.

4812-6413-0736.5

CERTIFICATE OF SERVICE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7944579.1