UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA BALAN,<br><br>        Plaintiff,<br><br>v.<br><br>TESLA MOTORS INC.,<br><br>        Defendant. | CASE NO. C19-67 MJP<br><br>ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION |

THIS MATTER comes before the Court on Plaintiff's Motion for Relief from the Court's Order Granting Partial Arbitration. (Dkt. No. 47.) Having read the Motion, the Response (Dkt. No. 51), the Reply (Dkt. No. 53), and all related papers including Plaintiff's Supplement and Defendant's Response (Dkt. Nos. 59, 60), the Court DENIES the Motion.

**Background**

On January 15, 2019, Plaintiff, Christina Balan, filed this action asserting a defamation claim against her former employer, Defendant Tesla Motors Inc. ("Tesla"). (Dkt. No. 1 ("Compl.").) Plaintiff's claim is based on several statements made about her in a Huffington Post

article by a Tesla representative.  (Id.)  On April 18, 2019, Tesla moved to compel arbitration based on an arbitration agreement between the Parties (the "Agreement") that requires Plaintiff to arbitrate disputes "arising from or relating to [her] employment, or the termination of her employment."  (Compl., Ex. A at 7; Dkt. No. 17.)  Finding that only some of the statements in the article fell within the Agreement, the Court granted in part, denied in part Tesla's motion to compel arbitration, ordering the parties to first arbitrate the statements falling within the Agreement while staying the case in this Court.  (Dkt. No. 40 at 9-10.)  Defendant appealed the Court's ruling on July 29, 2019.  (Dkt. No. 42.)

Plaintiff now moves for relief from the Court's Order pursuant to Federal Rule of Civil Procedure 60(b), asserting that Defendant has breached the Agreement by failing to pay the initial arbitration fee, the arbitrator has not conducted the arbitration fairly, and Tesla continues to defame Plaintiff.  (Dkt. No. 47 at 3-16.)  Plaintiff also argues that a new California law, SB 707, which requires the drafter of the arbitration agreement to pay the fees and costs within 30 days of the due date, supports her contention that Defendant is in material breach of the Agreement.  (Dkt. No. 47 at 16-18.)  Because this matter is currently on appeal, and the Court lacks jurisdiction, Plaintiff asks for an indicative ruling under Federal Rule of Civil Procedure 62.1.  (Dkt. No. 47.)

**Discussion**

Plaintiff moves for relief from the Court's Order pursuant to Rule 60(b)(2), (3), and (6), which provide for relief from judgment only upon a showing of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud by the adverse party; or any other reason justifying relief.  See Fed. R. Civ. P. 60(b)(2), (3), (6).  As Plaintiff notes, this Court has no jurisdiction to grant her Motion.  Once a

party files its notice of appeal of the district court's judgment, the district court loses jurisdiction over the case and cannot consider a subsequently filed motion. See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2002); Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004); See Fed. R. Civ. P. 62.1 advisory committee notes ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) without a remand.").

However, the Federal Rules allow a district court to indicate to the Court of Appeals that it would alter its ruling if the appeal were remanded for that purpose. See Fed. R. Civ. P. 62.1. When a party brings a Rule 62.1 motion for an indicative ruling, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3). A district court's decision to make an indicative ruling is discretionary. Rabang v. Kelly, No. C17-0088-JCC, 2018 WL 1737944, at *2 (W.D. Wash. Apr. 11, 2018)

In this case, Defendant's appeal challenges the Court's Order retaining jurisdiction over part of Plaintiff's defamation claim. (Dkt. No. 47 at 5-6.) Should the Ninth Circuit find that the entirety of Plaintiff's claim falls within the Parties' Agreement, this Court lacks jurisdiction altogether. The Court therefore declines to evaluate the merits of Plaintiff's Rule 60(b) Motion, which challenges the fairness of the arbitration process, while Defendant's appeal is under review by the Ninth Circuit Court of Appeals.

**Conclusion**

Plaintiff's Motion is DENIED without prejudice to bring these issues before the Court after the Ninth Circuit has issued a ruling on Defendant's appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 16, 2020.

Marsha J. Pechman
United States District Judge