UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA BALAN, | CASE NO. C19-67 MJP |
| Plaintiff, | ORDER CLOSING CASE |
| v. | |
| TESLA MOTORS INC., | |
| Defendant. | |

This matter comes before the Court upon the Mandate of the Ninth Circuit Court of Appeals. (Dkt. No. 72.) On January 15, 2019, Plaintiff Christina Balan filed a single defamation claim against Defendant, Tesla Motors, Inc. (Dkt. No. 1.) On April 18, 2019, Tesla filed a Motion to Compel Arbitration, arguing that each of the allegedly defamatory statements arose from or related to Ms. Balan's employment and her claim was therefore subject to the arbitration agreement (the "Agreement") in her employment contract. (Dkt. No. 17.)

In ruling on Tesla's Motion to Compel Arbitration, the Court struck the confidentiality clause in the Agreement as unconscionable, and found that while several of the allegedly

defamatory statements fell within the Agreement, the remaining three statements accused Plaintiff of outlandish and criminal conduct that had nothing to do with her employment, and therefore fell outside the scope of the Agreement. (Dkt. No. 40 at 9.)

Tesla appealed the Court's decision, and in an unpublished memorandum, the Ninth Circuit concluded that the three allegedly defamatory statements the Court found were not subject to the arbitration agreement "require[d] at least some understanding of Balan's employment." (Dkt. No. 70 at 4.) The Ninth Circuit therefore reversed and remanded the Court's Order. (Id. at 5; Dkt. No. 72.)

In light of the Ninth Circuit's decision, the entirety of Ms. Balan's defamation claim is subject to the Agreement. The Court therefore ORDERS this matter closed; all pending motions shall be terminated.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 22, 2021.

Marsha J. Pechman
United States Senior District Judge